[Cite as *State v. Logan*, 2026-Ohio-2076.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 115240 |
| v. | : | |
| ANTOINE K. LOGAN, | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 4, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-660342-A, CR-22-671616-A, CR-23-685291-A, and
CR-24-689119-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Patrick White, Assistant Prosecuting Attorney, *for appellee*.

Antoine K. Logan *, pro se*.

ANITA LASTER MAYS, J.:

## I. Introduction

{¶ 1} Defendant-appellant Antoine Logan ("Logan") appeals from convictions entered after he pleaded guilty to multiple drug-related offenses in the Cuyahoga County Court of Common Pleas. This appeal primarily concerns whether Logan's guilty plea waived his challenges to the indictment and pretrial rulings. For the reasons that follow, we affirm.

## II. Factual and Procedural Background

## A. Investigation and Controlled Purchases

{¶ 2} The investigation began in October 2020, after a confidential informant ("CI") provided information to the Lakewood Police Department that an individual later identified as Logan was selling crack cocaine in Cleveland. At the direction of law enforcement, the CI contacted Logan using a cellular phone number associated with him to arrange a controlled purchase of narcotics. The CI identified Logan through a Bureau of Motor Vehicles photograph, and officers were aware that Logan had prior arrests related to drug possession.

{¶ 3} Later in October 2020, the CI arranged a controlled purchase at a predetermined location. Detectives established surveillance near Logan's residence at 3424 West 117th Street in Cleveland. The CI was equipped with audio and video recording equipment for the transaction.

{¶ 4} During the surveillance, detectives observed Logan leave the residence, walk to a gray Chevrolet Equinox, and drive to the predetermined

location. After the transaction occurred, officers followed Logan as he returned to the residence. The CI later confirmed that Logan conducted the transaction, and laboratory testing confirmed that the purchased substance contained crack cocaine.

{¶ 5} In January 2021, again acting at the direction of the Lakewood Police Department, the CI contacted Logan to arrange another controlled purchase at a predetermined location in Cleveland. The CI was again equipped with audio and video recording equipment. Detectives established surveillance near Logan's residence and observed him leaving the residence and entering the gray Chevrolet Equinox. Officers followed the vehicle to the arranged location, where the transaction occurred inside the vehicle. After the transaction, the CI again identified Logan as the individual who conducted the sale.

{¶ 6} Officers observed Logan leaving his residence, meeting the informant at predetermined locations, and returning home after the transactions. Laboratory testing confirmed that the substances purchased during these controlled buys contained crack cocaine and fentanyl mixtures.

{¶ 7} Based on these controlled purchases and surveillance observations, Detective Smykowski subsequently obtained both a search warrant and an arrest warrant for Logan. On June 7, 2021, members of the Lakewood Police Department and the Westshore Enforcement Bureau executed the warrants at the residence located at 3424 West 117th Street, Cleveland, Ohio, including three identified vehicles. Officers arrested Logan as he exited the residence and walked toward a Honda Accord. Logan directed officers to specific locations inside the residence

where they recovered 12.76 grams of a heroin/methamphetamine/fentanyl mixture, 6.12 grams of cocaine base, 0.19 grams of cocaine, 0.086 grams of heroin, and an additional 0.19 grams of cocaine.

### B. Indictment and Trial Court Proceedings

{¶ 8} A Cuyahoga County Grand Jury subsequently indicted Logan on multiple felony counts in Case Nos. CR-21-660342-A, CR-22-671616-A, CR-23-685291-A, and CR-24-689119-A. The charges included drug trafficking, drug possession, possessing criminal tools, and having weapons while under disability.

{¶ 9} Logan moved to suppress the evidence obtained during the search of his residence. After conducting a suppression hearing, the trial court denied the motion. Logan later pleaded guilty in all four cases.

### C. The Plea

{¶ 10} During the plea hearing, Logan questioned the trafficking count in CR-21-660342-A. Specifically, he asked whether the trafficking and possession offenses read by the court were part of the same case and expressed confusion about how the trafficking charge appeared in the first case number. The trial court responded that it was reading the charges exactly as they appeared in the indictment returned in 2021 and clarified that Count 1 was trafficking and Count 2 was possession in the same case. The court further explained that the indictment before it controlled the proceedings and advised Logan that the time to challenge the indictment was not at that moment, directing the proceedings to continue based on the existing indictment.

**D. Sentencing**

{¶ 11} In Case No. CR-24-689119-A, the trial court imposed a 12-month prison sentence on each count, to be served concurrently, for a total term of 12 months. The court ordered forfeiture to the Cleveland Division of Police of a 2009 Nissan Maxima (identified by VIN), a scale, drugs, a cell phone, and money connected to the drug case. The court also awarded Logan 186 days of jail-time credit and advised him that he may be subject to up to two years of discretionary postrelease control. In the remaining cases, the trial court ordered the sentence in CR-24-689119-A to run concurrently to the sentences imposed in Case Nos. CR-21-660342-A, CR-22-671616-A, CR-23-685291-A, for an aggregate sentence of six years.

{¶ 12} Logan now appeals his convictions and sentence and raises the following assignments of error.

### III. Assignments of Error

1. The trial court deprived Appellant of a fair trial when it did not have subject-matter jurisdiction over the indictment in Case No. CR- 21-660342-A, and Counts 5-6 contained in Case No. CR-23- 685291-A.

2. The trial court abused its discretion by denying Appellant's motion to suppress evidence when it had factual allegations.

3. The trial court erred by accepting Appellant's plea and convicting him of the trafficking contained in 660342, and as such, did not comport with the Due Process Clause of the Fourteenth Amendment.

4. The trial court erred when it aided and abetted the prosecution when they improperly issued a facially invalid indictment.

5. The prosecution erred by improperly issuing a facially invalid indictment which constitutes as due to prosecutorial misconduct and a

denial of Appellant's rights under the Article I, Section 10 of the Ohio Constitution.

## IV. Law and Analysis

{¶ 13} Assignments of error Nos. 4 and 5 are addressed together below.

### A. Subject-Matter Jurisdiction

{¶ 14} In his first assignment of error, Logan argues the trial court lacked subject-matter jurisdiction over the trafficking indictment in CR-21-660342-A and Counts 5 and 6 in CR-23-685291-A because the indictment was facially invalid.

{¶ 15} Subject-matter jurisdiction concerns the power of a court to adjudicate the merits of a case; it cannot be waived and may be raised at any stage of the proceedings. *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11.

{¶ 16} R.C. 2931.03 establishes the jurisdiction of the Ohio courts of common pleas over criminal matters. Specifically, it provides that the court of common pleas has original jurisdiction over all crimes and offenses, except for minor offenses where exclusive jurisdiction is vested in inferior courts.

{¶ 17} Here, the indictment charged Logan with felony drug offenses including trafficking and possession of controlled substances. These offenses clearly fall within the jurisdiction of the court of common pleas. *See State v. Jackson*, 2023-Ohio-3895, ¶ 21 (4th Dist.).

{¶ 18} Logan's argument does not truly challenge the trial court's subject-matter jurisdiction. Rather, he challenges the validity of the indictment itself. Even if an indictment contains defects, those defects do not deprive a court of subject-matter jurisdiction so long as the indictment charges offenses under Ohio law and

the court otherwise has statutory authority to hear the case. *State v. Parker*, 2021-Ohio-1090, ¶ 14 (8th Dist.).

{¶ 19} Because the indictment charged Logan with felony offenses within the jurisdiction of the court of common pleas, the trial court possessed subject-matter jurisdiction to adjudicate the case.

{¶ 20} Logan's first assignment of error is overruled.

## B. Motion to Suppress

{¶ 21} In his second assignment of error, Logan argues that the trial court erred in denying his motion to suppress evidence obtained during the execution of a search warrant. Logan contends that the warrant lacked probable cause and that the trial court failed to properly address factual allegations raised in his suppression motion.

{¶ 22} Appellate review of a motion to suppress presents a mixed question of law and fact. A reviewing court must accept the trial court's findings of fact if supported by competent, credible evidence and then independently determine whether those facts satisfy the applicable legal standard. *State v. Burnside*, 2003-Ohio-5372, ¶ 8.

{¶ 23} As an initial matter, Logan entered a guilty plea. A guilty plea represents a break in the chain of events that preceded it in the criminal process and generally waives the right to raise independent claims relating to constitutional violations that occurred before the plea was entered. *State v. Szidik*, 2011-Ohio-4093, ¶ 5 (8th Dist.); *State v. Sims*, 2018-Ohio-388, ¶ 12 (8th Dist.).

{¶ 24} Logan's challenge to the suppression ruling concerns alleged errors that occurred prior to the entry of his plea and does not implicate the constitutionality of the plea itself. Accordingly, the issue has been waived.

{¶ 25} Even if Logan had not waived the issue, the record demonstrates that the search warrant was supported by probable cause. In determining whether probable cause exists for the issuance of a search warrant, a reviewing court must determine whether the issuing magistrate had a substantial basis for concluding that probable cause existed. *State v. George*, 45 Ohio St.3d 325, 329 (1989).

{¶ 26} The affidavit supporting the warrant described controlled drug purchases conducted through a confidential informant, surveillance observations of Logan traveling from his residence to complete narcotics transactions, and the subsequent laboratory testing confirming the presence of controlled substances. These facts provided a substantial basis for the issuing magistrate to conclude that evidence of drug trafficking would likely be found at Logan's residence.

{¶ 27} Accordingly, Logan's second assignment of error is overruled.

### C. Validity of the Plea

{¶ 28} In his third assignment of error, Logan argues the trial court erred by accepting his guilty plea and convicting him of the trafficking charge in CR-21-660342-A in violation of the Due Process Clause of the Fourteenth Amendment.

{¶ 29} A guilty plea is a complete admission of guilt. Crim.R. 11(B)(1). A defendant who enters a guilty plea waives the right to appeal all nonjurisdictional defects in the indictment. *State v. Fitzpatrick*, 2004-Ohio-3167, ¶ 78. Thus, when a

defendant enters a guilty plea, the trial court must ensure that the plea is made knowingly, intelligently, and voluntarily. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). A defendant may, therefore, contest the constitutionality of the plea itself. *State v. Sims*, 2018-Ohio-388, ¶ 12 (8th Dist.), citing *State v. Darling*, 2017-Ohio-7603, ¶ 13 (8th Dist.).

{¶ 30} In the instant case, Logan alleges that his guilty plea was not voluntarily entered because "the plea was the result of his oppressively [sic] incarceration, and the loss of his girlfriend." Logan also argues the plea agreement was neither written nor signed.

{¶ 31} During the plea hearing, Logan questioned the trial court regarding the charges contained in the indictment. The court explained that it was reading the charges directly from the indictment returned by the grand jury and clarified the counts contained in the case. The trial court further advised Logan of the constitutional rights he was waiving by entering his plea and confirmed that he understood those rights.

{¶ 32} The record demonstrates that the trial court complied with Crim.R. 11 and that Logan entered his plea knowingly, intelligently, and voluntarily. The absence of a written plea agreement does not, by itself, render a plea invalid where the plea colloquy demonstrates compliance with Crim.R. 11. *State v. Dunlap*, 2021-Ohio-3262, ¶ 14 (6th Dist.).

{¶ 33} The third assignment of error is overruled.

## D. Facial Validity of the Indictment and Prosecutorial Misconduct

{¶ 34} In his fourth and fifth assignments of error, Logan challenges the facial validity of the indictment and alleges prosecutorial misconduct based on the prosecution's proceeding on the allegedly defective indictment in violation of the Ohio Const., art. I, § 10. We find Logan's arguments unpersuasive.

{¶ 35} An indictment is sufficient if it is filed in the proper court, presented by a grand jury or prosecutor, and properly names or describes the defendant and the offense. R.C. 2941.03. Moreover, a defendant who enters a guilty plea waives all nonjurisdictional defects in prior proceedings, including most challenges to the indictment. *Sims,* 2018-Ohio-388 at ¶ 12 (8th Dist.).

{¶ 36} As this court has explained, a guilty plea represents a break in the chain of events that preceded it in the criminal process. *State v. Belton*, 2016-Ohio-1581, ¶ 83. When a defendant admits in open court that he or she is guilty of the charged offense, he or she may not thereafter assert independent claims concerning the alleged deprivation of constitutional rights that occurred before the plea was entered. *Szidik,* 2011-Ohio-4093, at ¶ 5 (8th Dist.).

{¶ 37} Regarding his fourth assignment of error, Logan alleges the trial court erred by permitting the prosecution to proceed on a facially invalid indictment, which appellant characterizes as the court "aiding and abetting" prosecutorial misconduct. To the extent appellant characterizes the trial court's actions in that manner, his claim still rests on alleged defects preceding the plea and does not implicate the constitutionality of the plea itself.

{¶ 38} Regarding his fifth assignment of error, Logan alleges the prosecution engaged in misconduct by proceeding on a facially invalid indictment. To establish prosecutorial misconduct, a defendant must demonstrate that the prosecutor's conduct prejudiced the defendant's substantial rights. *See State v. Snowden*, 2021-Ohio-2885 (8th Dist.). Logan identifies no conduct by the prosecutor beyond proceeding on the indictment returned by the grand jury. Logan has not made such a showing here.

{¶ 39} Logan's arguments do not relate to the constitutionality of the plea itself, nor do they challenge the adequacy of the trial court's Crim.R. 11 colloquy. Consequently, Logan has waived his right to raise these issues on appeal.

{¶ 40} Accordingly, Logan's fourth and fifth assignments of error are overruled.

## V. Conclusion

{¶ 41} Having overruled each of Logan's five assignments of error, we affirm the judgment of the trial court.

{¶ 42} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, and any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule

27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR